No. 15-7013

---

# United States Court of Appeals for the District of Columbia Circuit

---

Tawanda Jones,
*Plaintiff-Appellee*

v.

Law Office of David Sean Dufek and CACH, LLC,
*Defendants-Appellants*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CASE NO. 14-CV-00533-RJL, HON. RICHARD J. LEON

---

**FOR APPELLANT**
CONSUMER JUSTICE ESQ
Radi Dennis
P.O. Box 57417
Washington, D.C. 20037
Telephone: (202) 579-1243
Facsimile: (202) 644-5228
rdennis@consumerjusticeesq.com
*Counsel for Plaintiff-Appellant*

## STATEMENT OF ISSUES TO BE RAISED

The issues raised in the instant case are as follows:

1) Did the District Court err in ruling as a matter of law that the "least sophisticated consumer" and the "unsophisticated consumer" would not be confused, mislead and/or deceived by Defendant's collection letters and that the Defendant did not violate the FDCPA, 15 U.S.C. §§1692e, (2), (3), (5), (10), 1692f, 1692j when Plaintiff alleges facts which support a threat of a lawsuit and/or legal action, facts which support false representations and/or false implications regarding attorney involvement in the collection of the alleged debt and facts which support false, misleading and deceptive representations, implications, omissions and/or inferences contained in the collection letter at issue? Each of the foregoing are issues of first impression and further supports error in granting Defendant's Motion for Judgment on the Pleadings.

2) Did the District Court err in ruling that Defendant's attorney collection letters would not mislead and deceive the least sophisticated or unsophisticated consumer into believing that an attorney is involved in the collection of the alleged debt and the least sophisticated or unsophisticated consumer would not believe that the alleged creditor hired an attorney in order to take further legal action when the attorney includes the title "attorney," a facsimile of his signature in the signature block of the letter, buries a disclaimer beneath the signature block and prints the collection letter on the signatory's namesake law firm letterhead that includes the title "Attorney at Law?"

3) Did the District Court err in ruling, as a matter of law, that Appellant's attorney collection letters did not violate the FDCPA by failing to properly advise the least sophisticated consumer or unsophisticated consumer of the named attorney's intent and

2

inability to practice law in the District of Columbia

4) Did the District Court err in ruling that the District of Columbia Consumer Protection and Procedures Act ("DCCPPA"), D.C. Code §28-3904, does not apply to debt collectors?

5) Did the District Court err in ruling that Plaintiff is not a consumer within the meaning of the D.C. Code §28-3904?

6) Did the Court err in ruling that the DCCPPA does not apply to debt collectors because debt collection is not a "trade practice" within the meaning of D.C. Code §28-3904?

7) Did the District Court err in ruling that Defendant did not violate the District of Columbia Debt Collection law ("DCDCL"), D.C. Code §28-3814f (5), (8) and (9) or in failing to address Plaintiff's DCDCL claims in its January 6, 2015 order?

8) Did the District Court abuse its discretion in denying the certification of the class action?

9) Did the District Court err in failing to grant Plaintiff her attorney fees in connection with the September 7, 2014 Order or rule on Plaintiff's Motion for Attorney Fees in Connection w/September 7, 2014 Order filed on September 15, 2014.

*Issues of first impression for this Circuit:*

1) Did the District Court err in ruling that whether a particular collection letter violates the FDCPA is a question of law?

2) Did the Court err in concluding that the "least sophisticated consumer" or the "unsophisticated consumer" standard is the appropriate standard to use when determining violations of the FDCPA?

3) Whether a dunning/collection letter constitutes a threat by the least sophisticated or unsophisticated consumer for purposes of § 1692e (5) presents a genuine issue of material fact that precludes judgment as a matter of law?

3

4) Whether the proper inferences that can be drawn from a debt collector's collection letter by the least sophisticated or unsophisticated consumer is a question of fact for the trier of fact that precludes judgment as a matter of law?

5) Whether an out-of-state attorney using his law firm letterhead and identifying and holding himself out as an attorney sends letters to consumers in a state in which he is not licensed to practice law without disclosing that fact is a deceptive omission under the FDCPA and the DCCPPA?

6) Whether a statement capable of two meanings deceptive as a matter of law under the FDCPA and the DCCPPA?

7) Whether a collection letter constitutes a threat of legal action under 15 U.S.C. § 1692e to the least sophisticated or unsophisticated consumer raises a question of fact that precludes judgment as a matter of law?

8) Whether a mass produced form collection letter is confusing or deceptive to the least sophisticated or unsophisticated consumer raises a question of fact that precludes judgment as a matter of law?

9) Is debt collection a trade practice within the meaning of the DCCPPA?

10) Is Plaintiff a consumer within the meaning of the DCCPPA?

Dated: March 9, 2015                         Respectfully Submitted,

                                             Radi Dennis
                                             CONSUMER JUSTICE ESQ
                                             P.O. Box 57417
                                             Washington, DC 20037
                                             rdennis@consumerjusticeesq.com
                                             Telephone: (202) 579-1243
                                             Facsimile: (202) 644-5228

                                             By:    /s/RDennis

4

> Radi Dennis
> *Counsel for the Appellant*

### CERTIFICATE OF SERVICE

Pursuant to this Court's Circuit Rule 25(c), I hereby certify that on this 9th day of March, 2015, I electronically filed the foregoing Statement of Issues to be Raised with the Court by using the CM/ECF system. Counsel for CACH, LLC is a registered CM/ECF user and will be served by the appellate CM/ECF system. Mr. Dufek is litigating *pro se* and does not appear to be admitted to this Circuit.

Executed this 9th day March 2015.

/s/ Radi Dennis
CONSUMER JUSTICE ESQ