## ORAL ARGUMENT HAS NOT YET BEEN SCHEDULED

## No. 15-7013

---

# United States Court of Appeals for the District of Columbia Circuit

---

Tawanda Jones,

*Plaintiff-Appellee*

v.

Law Office of David Sean Dufek and CACH, LLC,

*Defendants-Appellants*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CASE NO. 14-CV-00533-RJL, HON. RICHARD J. LEON

---

## *Amended* OPENING BRIEF OF APPELLANT

**FOR APPELLANT**
CONSUMER JUSTICE ESQ
Radi Dennis
P.O. Box 57417
Washington, D.C. 20037
Telephone: (202) 579-1243
Facsimile: (202) 644-5228
rdennis@consumerjusticeesq.com
*Counsel for Plaintiff-Appellant*
*Tawanda Jones*

## CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

In accordance with Circuit Rule 28(a)(1), Tawanda Jones (Petitioner) hereby certify as follows:

Petitioner is not aware of any related cases pending before this court or any other court.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................6
GLOSSARY OF ACRONYMS AND ABBREVIATIONS ...................10
STATEMENT OF JURISDICTION ....................................................11
RELEVANT STATUTORY PROVISIONS..........................................11
STATEMENT OF THE ISSUES ........................................................11
STATEMENT OF THE CASE ............................................................13
STATEMENT OF FACTS ..................................................................15
   A.    Proceeding in the District Court .................................15
   B.    Statement of Facts........................................................17
SUMMARY OF ARGUMENT............................................................18
STANDARD OF REVIEW..................................................................21
ARGUMENT........................................................................................22

  I.     FAIR DEBT COLLECTIONS PRACTICES ACT (15 U.S.C. § 1692 *et seq.*)..............................................................................22

   A.  Legislative History of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*) ............................................................23

   B.  The Least Sophisticated Consumer Standard ............................23

   C.  Standard of Review as to Whether a Collection Letter Violates the FDCPA is a Question of Fact ......................................................25

     1.   The District Court Imposed a Higher Standard than the Least Sophisticated Consumer Standard......................................28

   D.  Whether the Collection Letter Sent to District of Columbia Consumers By DUFEK Violated the sections 1692e(2)(3)(5)(10) and 1692f and 1692j of the FDCPA Present Material Issues of Missing Facts Not Addressed by the District Court........................................................................29

     1. Whether Defendants Implied and/or Expressly stated a False Level of Attorney Involvement in Violation of §1692e(3) and (10) Involve Missing Material Facts Not in the Record................................30

    i.    *Use of Attorney Letterhead, the Title "Attorney David Sean Dufek," the Signature of David Sean Dufek and the website Specified for Payment as http://lawofficeofdavidseandufek.com indicia Contradict the Disclaimer and is deceptive in Violation of § 1692e(10)* ............31

    ii.   *The Existence of the Obscured Disclaimer is Irrelevant to Whether the Collection Letter is "from" an Attorney in any Meaningful Sense in violation of § 1692e(3) TA \s "15 U.S.C.§1692e(3)" and § 1692e(10)* ....................................................................................................38

  2.   Implicit Threats of a Lawsuit Violate the FDCPA and the Authority or Intention of Defendants to bring a Lawsuit or Provide Meaningful Legal Services Involve Missing Material Facts Not in the Record ........................44

    i.    *Implicit threats Violate the FDCPA*......................................44

  3.   Attorney Collection Letters Infer a Nonexistent Level of Escalation or False sense of Heightened Urgency and Intimidation thereby unfairly and Unconscionably inducing the Least Sophisticated Consumer to Act Quickly Despite any Defenses that may be Available to Him/Her. ...........................48

  4.   DUFEK and Mr. Dufek Engaged in the Unauthorized Practice of Law By Holding Himself Out as an "Attorney at Law" and as "Attorney David Sean Dufek" and "Law Office of David Sean Dufek" in the Collection Letters sent to District of Columbia Consumers and Failing to Disclose its Jurisdictional Limitations ................................................................51

  5.   Whether Defendants unlawfully Designed, Compiled or Furnished a Form Collection Letter Creating the False Belief in District of Columbia Consumers that "Attorney David Sean Dufek" was Involved with their Alleged Account or that the Status of the Alleged Account had Escalated Involve Missing Material Facts Not in the Record .......................................53

**II.    DISTRICT OF COLUMBIA DEBT COLLECTION LAW (D.C. Code § 28-3814 *et seq.*) ..................................................................................54**

  1.   Defendant's Attempted to Collect a "Claim" within the Meaning of the District of Columbia Debt Collection Law.......................................................54

**III.   DISTRICT OF COLUMBIA CONSUMER PROTECTION AND PROCEDURES ACT (D.C. Code § 28-3901 *et seq.*)**.........................................56

   1.   The District of Columbia Consumer Protection and Procedures Act Applies to Debt Collectors.........................................56

      *i.   Statutory Interpretation* .........................................57

   2.   Debt Collection is a Trade Practice under the District of Columbia Consumer Protection and Procedures Act .........................................57

      *i.   Debt Collection is a Trade Practice within the Plain Language of the Act.* ...........................................................................57

      *ii.   Other provisions of the Act using equivalent language confirm that Debt Collection is a Trade Practice* .........................................63

      *iii.   Section 1-350.10 of the D.C. Code confirms that Debt Collection is a Trade Practice subject to the Act.* .........................................65

      *iv.   DUFEK and Mr. Dufek's Unauthorized Practice of Law is a Deceptive Trade Practice under the Act.* .........................................66

   3.   Plaintiff is a consumer under the Act.........................................67

**IV.   The Court Erred in Failing to Rule on Plaintiff's Motion for Attorney Fees** ..........................................................................69

**V.   The Court Erred in Denying the Motion for Class Certification as Moot**.........................................70

CONCLUSION.........................................70

REQUEST FOR ORAL ARGUMENT .........................................70

# TABLE OF AUTHORITIES

## Cases

*Aktieselskabet AF 21. Nov. 2001 v. Fame Jeans, Inc.* 525 F.3d 8 (D.C. Cir. 2008) ...................................................................................................21
*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)..................................................22
*Avila v. Rubin*, 84 F.3d 222 (7th Cir. 1996) .....................................49, 54
*Bancoult v. McNamara*, 227 F.Supp.2d 144 (D.D.C.2002) .......................30
*Banks v. D.C. Dep't of Consumer & Regulatory Affairs*, 634 A.2d 433 (D.C. 1993) ...........................................................................................52, 66
*Baylor v. Mitchell Rubenstein & Associates, P.C.*, No. 13 Civ. 1995 (D.D.C. July 8, 2014)...........................................................................................57
*Beck v. Test Masters Educ. Servs., Inc*, 289 F.R.D. 374 (D.D.C. 2004)................69
*Beecham* v. *United States*, 511 U.S. 368 (1994) .....................................59
*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) .............................21
*Bentley v. Great Lakes Collection Bureau, Inc.,* 6 F.3d 60 (2d Cir.1993)..............24
*Blackman v. District of Columbia*, 456 F.3d 167 (D.C.Cir. 2006). .................59
*Brown v. Card Serv. Ctr.*, 464 F.3d 450 (3d Cir. 2006)...........................42, 50
*Campuzano-Burgos v. Midland Credit Mgmt.*, 550 F.3d 294 (3d Cir. 2008).........24
*Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993)....................24, 37, 39, 41
*Crossley v. Lieberman*, 868 F.2d 566 (3d Cir. 1989)................................45
*DeBerry v. First Government Mortg. and Investors Corp.*, 743 A.2d 699 (D.C. 1999)...............................................................55, 57, 60, 61, 67, 68
*Debt Buyers' Assoc. v. Snow*, 481 F.Supp.2d 1 (D.D.C. 2006) ..............17
*Eddis v. Midland Funding, L.L.C.,* No. 11 Civ. 3923, 2012 WL 664812 (D.N.J. Feb. 28, 2012)......................................................................................35
*Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769 (7th Cir. 2007) ............27
*FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120 (2000)....................65
*Gammon v. GC Servs.*, 27 F.3d 1254 (7th Cir. 1994) ...............................24
*Garrett v. City and County of San Francisco*, 818 F.2d 1515 (9th Cir.1987) ..69, 70
*Gonzalez v. Kay*, 577 F.3d 600 (5th Cir. 2009).........................26, 33, 37, 41, 50
*Greco v. Trauner, Cohen & Thomas, LLP.*, 412 F.3d 360 (2d Cir. 2005).........31, 32
*Hamilton v. United Healthcare of La*, 310 F.3d 385 (5th Cir. 2002)......................42
*Haynesworth v. Miller*, 820 F.2d 1245 (D.C.Cir.1987) ............................21
*Heintz v. Jenkins*, 514 U.S. 291, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995)......23, 58
*Howard v. Riggs Nat'l Bank*, 432 A.2d 701 (D.C.1981) .........................57
*Hubbard v. EPA*, 949 F.2d 453 (D.C. Cir. 1991)....................................69

*In re APA Assessment Fee Litigation*, 766 F.3d 39 (D.C. Cir. 2014) .........25, 26, 28

*Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, et al*, 130 S.Ct. 1605 (2010) ..................................................................................................57, 58

*Johnson v. Revenue Mgmt. Corp.,* 169 F.3d 1057 (7th Cir.1999)............................26

*Johnson v. Riddle*, 305 F.3d 1107 (10th Cir. 2002) ..............................................24

*Kaymark v. Bank of America, N.A.*, 783 F.3d 168 (3d Cir. 2015) ..........................24

*Kennecott Utah Copper Corp. v. U.S. Dept. of Interior*, 88 F.3d 1191 (D.C. Cir. 1996)........................................................................................................65

*Kistner v. The Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433 (6th Cir. 2008)..........................................................................26, 29, 33, 34

*LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185(11th Cir. 2010)...........26, 44, 47

*Lesher v. Law Office of Mitchell N. Kay, P.C.*, 724 F.Supp.2d 503 (M.D. Penn 2010)........................................................................................................45

*Lesher v. Law Offices of Mitchell N. Kay*, 650 F.3d 993 (3rd Cir. 2011) ...32, 33, 34, 41, 46, 47

*Macharia v. United States*, 334 F.3d 61 (D.C. Cir. 2003). .....................................22

*Modern Management Company v. Wilson*, 997 A.2d 37 (D.C. 2010). ....................67

*Nielsen v. Dickerson, et al.*, 307 F.3d 623 (7th Cir. 2002)...........................39, 40, 41

*Osbourne v. Capital City Mortg. Corp.*, 727 A.2d 322 (D.C.1999) .......................64

*Panto v. Professional Bureau of Collections*, 2010 cv 004340 (D.N.J. Mar. 7, 2011)........................................................................................................36

*Poole v. Kelly*, 954 F.2d 760 (D.C.Cir. 1992). .....................................................59

*Rosenau v. Unifund Corp.*, 539 F.3d 218 (3d Cir. 2008) .................................37, 38

*Rudder v. Williams*, 666 F.3d 790 (D.C.Cir. 2012)...............................................21

*Russell v. Equifax A.R.S.*, 74 F.3d 30 (2d. Cir. 1996) .................................23, 27, 37

*Shapiro v. Dun & Bradstreet Receivable Mgmt. Servs., Inc.*, 59 Fed.Appx. 406 (2d Cir. 2003)..................................................................................................27

*Sturdevant v. Thomas E. Jolas, PC*, 942 F.Supp. 426 (W.D. Wis. 1996)...............51

*Tao v. Freeh*, 27 F.3d 635 (D.C.Cir.1994) ..........................................................22

*Trudeau v. FTC*, 456 F.3d 178 (D.C.Cir. 2006)...................................................25

*United Sav. Ass'n v. Timbers of Inwood Forest Assocs. Ltd.*, 484 U.S. 365 (1988) ..........................................................................................................63

*United States v. Central Adjustment Bureau*, 667 F.Supp 370 (N.D.Tex. 1986). ..45

*United States v. Menasche*, 348 U.S. 528 (1955)..................................................63

*United States v. Nat'l Fin. Servs.*, 98 F.3d 131 (4th Cir.1996) ...............................45

*Walker v. Nat'l Recovery, Inc.*, 200 F.3d 500 (7th Cir.1999) .........................25, 27

*Ward Laboratories, Inc. v. Federal Trade Commission*, 276 F.2d 952 (2d Cir. 1960)........................................................................................................28

*Whiting v. AARP*, 637 F.3d 355 (D.C. Cir. 2011) ................................................25

*Wilson v. Quadramed Corp.*, 225 F.3d 350 (3d Cir. 2000)..............................24, 27

## Statutes

15 U.S.C. § 1692.................................................................................65
15 U.S.C. § 1692e.................................................................27, 38, 44, 45
15 U.S.C. § 1692e(11).........................................................................38
15 U.S.C. § 1692e(2)....................................................................12, 18, 23, 29
15 U.S.C. § 1692g(a)...........................................................................49
15 U.S.C. §1692e(9)............................................................................52
15 U.S.C. §1692j ..................................................................11, 12, 18, 23, 53
15 U.S.C.§1692e (10)..............................................11, 18, 23, 29, 30, 31, 38
15 U.S.C.§1692e (5)................................................11, 16, 18, 23, 29, 44, 47
15 U.S.C.§1692e(3).........................................11, 16, 18, 23, 29, 30, 38, 40, 41
15 U.S.C.§1692f.................................................11, 12, 18, 23, 49, 57
28 U.S.C. § 1291................................................................................11
28 U.S.C. § 1331................................................................................11
D.C. Code  §28-3909...................................................................63, 64
D.C. Code § 1-350-10..................................................................65, 66
D.C. Code § 28-3814................................................19, 27, 54, 63
D.C. Code § 28-3901..........................................................................56
D.C. Code § 28-3901(a)(6)..................................................................61
D.C. Code § 28-3904(e).......................................................................19
D.C. Code § 28-3904(f)........................................................................19
D.C. Code § 28-3905(d)(2)...................................................................64
D.C. Code § 28-3905(k)(1)...................................................................65
D.C. Code § 28–3909(a).......................................................................64
D.C. Code §28-3802.............................................................................55
D.C. Code §28-3814(b)(1).....................................................................55
D.C. Code §28-3901(b)(1).....................................................................56
D.C. Code §28-3901(c).........................................................................56
D.C. Code 28-3901(a)(6)......................................................................60
D.C.Code § 28-3901(a)(2)..............................................................20, 67
D.C.Code § 28-3901(a)(7)..............................................................60, 67

## Rules

D.C. App. R. 49(a)...............................................................................52
Fed. R. Civ. P. 12(c) ...........................................................................26
Fed.R.Civ.P. 26(c)(3)...........................................................................69

Fed.R.Civ.P. 37(a)(5)..................................................................................69
Fed.R.Civ.P. 37(a)(5)(B) ............................................................................69
Rule 4.3 ......................................................................................................46

**\*** Authorities upon which we chiefly rely are marked with asterisks.

## GLOSSARY OF ACRONYMS AND ABBREVIATIONS

FDCPA – Fair Debt Collections Practices Act
DCCPPA – District of Columbia Consumer Protections and Procedures Act
DCRA – Department of Consumer and Regulatory Affairs
DCDCL – District of Columbia Debt Collection Law
FTC – Federal Trade Commission
DUFEK – Law Office of David Sean Dufek
Mr. Dufek – David Sean Dufek

## STATEMENT OF JURISDICTION

The district court had jurisdiction under 28 U.S.C. § 1331 because the case involves a federal question concerning the Fair Debt Collections Practices Act and based on diversity of jurisdiction. This Court has jurisdiction under 28 U.S.C. § 1291 because the district court's January 6, 2015 Order appealed from granted Appellee's motion requesting judgment on the pleadings and "dismissal of the action" [A053] and the District Court's dismissal of the "complaint in its entirety" is a final, appealable order. Ms. Jones filed a timely notice of appeal on February 3, 2013.

## RELEVANT STATUTORY PROVISIONS

Pertinent Statutes and Regulations appear in the statutory addendum to this brief.

## STATEMENT OF THE ISSUES

The issues are:

1.    Whether or not the District Court erred in ruling that Appellee did not violate 15 U.S.C.§1692e(3), 15 U.S.C.§1692e (5), 15 U.S.C.§1692e (10), 15 U.S.C.§1692f and 15 U.S.C. §1692j of the Fair Debt Collections Practices Act ("FDCPA") based on its conclusion that the face of Defendant's attorney collection letters do not present any false, deceptive or misleading representation or means in connection with collection of any debt in that the collection letter would not confuse,

mislead and deceive the least sophisticated consumer into believing that an attorney was involved in the collection of the alleged debt and the least sophisticated consumer would not believe that the creditor hired an attorney in order to take action that cannot or is not intended to be taken as a matter of law. The order fails to address violations alleged by Plaintiff under 15 U.S.C. § 1692e(2) which prohibits the false representation of the character, amount, or legal status of any debt; or in connection with any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt, 15 U.S.C. §1692f which prohibits the use of unfair and unconscionable means to collect a debt, and 15 U.S.C. §1692j, which prohibits the design, compile, and furnishing of deceptive forms used to create a false belief in the consumer that a person other than the creditor of such consumer is participating in the collection of the alleged debt.

2.     Whether the District Court erred in ruling that Defendant did not violate the District of Columbia Debt Collection Law ("DCDCL") as a matter of law for the reasons given for dismissal of Plaintiffs FDCPA claims

3.     Whether or not the District Court erred in ruling that the Defendant did not violate the District of Columbia Consumer Protection and

Procedures Act ("DCCPPA") because Plaintiff is not a "consumer" and debt collection is not a "trade practice" as a matter of law

4.     Whether the District Court erred in dismissing the class action as moot and failing to rule on Appellant's Motion for Fees filed after successfully defending against Defendant's Motion for Protective Order.

## STATEMENT OF THE CASE

Plaintiff, Tawanda Jones, filed a class action complaint against Defendants CACH, LLC and the Law Office of David Sean Dufek, who, at all times relevant, is a nationwide debt buyer and debt collection law firm respectively.  Plaintiffs' claims arise from violations of the FDCPA, the DCDCL and the DCCPPA all of which prohibits debt collectors from engaging in abusive, deceptive and unfair debt collection practices. The violations alleged stem from a mass produced form collection letter sent to Plaintiffs printed on the letterhead of Defendant, Law Office of David Sean Dufek ("DUFEK"), signed by Mr. David Sean Dufek ("Mr. Dufek") and includes his title as "Attorney David Sean Dufek" in addition to a disclaimer obscured beneath the signature block of the letter stating "at this time" no attorney involvement with the alleged account and Defendant is acting in its capacity as a debt collector. The collection letter demands that Plaintiff pay the amount claimed through the mail directly to Mr. Dufek individually or through DUFEK's web portal, www.lawofficeofdavidseandufek.com.

The FDCPA, the DCDCL and the DCCPPA prevent false explicit and implicit threats or false statements by debt collectors in attempting to collect a debt.  Defendant's mass-produced form letter printed on law firm letterhead sent to District of Columbia residents containing a facsimile signature and title of an actual attorney and an obscured disclaimer beneath the signature block contradicting said title and signature claiming no attorney involvement violates all three statutes.  The clear contradiction and overarching impression of the letter caused the unrepresented least sophisticated consumer like Plaintiff to be at least confused and absolutely deceived in to believing that an attorney was meaningfully involved in the collection of the alleged debt and the Defendant had hired a law firm to bring action against her in addition to providing meaningful legal services when Defendant had done no such thing; as Mr. Dufek did not have the intention or the authority from the Defendant to act as "Attorney David Sean Dufek" or to initiate legal action in relation to Plaintiff's account.  Further, the letter was not sent by Mr. Dufek or DUFEK despite the inclusion of his signature, title and letterhead.  The letter is also not "from" DUFEK or Mr. Dufek in any meaningful sense despite the inclusion of his signature, title and letterhead because Mr. Dufek or DUFEK did not, has not and could not provide legal services to CACH in relation to alleged District of Columbia accounts. Further, because Mr. Dufek is not licensed in this jurisdiction, holding himself out as an "Attorney at Law" and

14

"Attorney David Sean Dufek" is the unauthorized practice of law in violation of all three statutes. The obscured and contradictory "no attorney involvement disclaimer" in the margin of the letter does not save Defendants from violations of all three statutes.

Following the submission of Defendant's motion for judgment on the pleadings and Plaintiffs' opposition thereto, the District Court granted Defendant's motion ruling that Defendant's collection letter is not misleading to the least sophisticated consumer because the level of attorney involvement is provided in the disclaimer and the letter made no explicit mention of a "lawsuit" therefore there was no threat as a matter of law.   The District Court also dismissed Plaintiffs DCDCL claims based on the same rational for dismissing Plaintiffs FDCPA claims and dismissed Plaintiffs DCCPPA claims stating that debt collection is not a "trade practice" and Plaintiff is not a "consumer." The District Court dismissed Plaintiff's Motion for Class Action certification as moot and did not rule on Plaintiffs Motion for Attorney Fees requested as a result of its denial of Defendant's Motion for a Protective Order.

## STATEMENT OF FACTS

### A.    Proceeding in the District Court

Plaintiff filed suit in Superior Court against The Law Office of David Sean Dufek, (Defendant) and CACH, LLC based on violations of the FDCPA, the DCDCL and

the DCCPPA. (A156, A157).  Defendant CACH removed the case from Superior

Court to Federal Court and timely filed its Answer on March 31, 2014. [A21].

Defendant DUFEK filed an untimely Answer on April 28, 2014 or twenty days

after said Answer was due putting DUFEK in default and conceding all the

allegations against it. [A30, A62-A63].  Defendant CACH filed a Motion to

Compel Arbitration on May 7, 2014. [A2]. Plaintiff filed her Memorandum in

Opposition to CACH's Motion to Compel Arbitration on May 26, 2014. [A2].

CACH withdrew its Motion to Compel Arbitration on June 2, 2014. [A2].

   On June 27, 2014 Defendant filed a Motion for Judgment on the Pleadings

relating to Plaintiff's claims under 15 U.S.C. §1692e(3), the false representation

that an attorney was involved and 15 U.S.C. §1692e(5), the false threat to take any

action not intended to be taken. (A036). Plaintiffs filed their Opposition on July 11,

2014. (A3). Defendant filed a Reply on July 21, 2014. (A3).  Plaintiffs moved for

leave to file a Surreply on July 28, 2014. (A3).  Defendant did not file an

opposition to the motion for leave to file a surreply. [1] Plaintiff propounded

discovery on Defendants on July 14, 2014.  The Defendant then filed a motion to

quash and for a protective order on August 4, 2014.  Defendant's motion for a

protective order was denied by minute order on September 7, 2014.  Plaintiffs

timely filed a motion for attorney fees thereafter.  The trial court granted

---

[1] Though Defendant did not file an opposition to Plaintiffs motion for leave the District Court denied the motion in a minute order entered on September 7, 2014.

Defendant's Motion for Judgment on the Pleadings based on its conclusions that the attorney collection letter does not contain an explicit threat of legal action and said letters disclaim attorney involvement. *Jones v. Law office of David Sean Dufek, et al,* 1:14 cv 00533 (January 6, 2015) (A020, A021). The District Court also dismissed Plaintiff's DCDCL claims based on the same reasoning given for dismissal of the FDCPA claims and dismissed Plaintiffs DCCPPA claims based on its conclusion that debt collection is not a "trade practice" and Plaintiff is not a "consumer." Additionally, though the Court denied Defendants motion for a protective order against unauthorized discovery on September 7, 2014 Defendants still had not responded to Plaintiffs discovery requests by the Courts' ordered dismissal on January 6, 2015, four months after its motions were denied.

## B.    Statement of Facts

The facts presented in the light most favorable to Plaintiffs are as follows. Defendant is a large national debt buyer that that has a network of debt collection law firms with whom it places for collection alleged defaulted consumer debts purchased by it for pennies of the dollar and is subject to the FDCPA. *Debt Buyers' Assoc. v. Snow,* 481 F.Supp.2d 1, 4 and 6 (D.D.C. 2006). Plaintiff is an unrepresented consumer who received a collection letter on attorney letterhead containing a facsimile signature of the named attorney in the letterhead, David Sean Dufek, and providing his title as "Attorney David Sean Dufek" that was not

sent by DUFEK demanding that she pay a debt in the amount of $1,050.29. [A6].

Mr. David Sean Dufek is an attorney licensed in California and not licensed in the

District of Columbia. The letter contained no jurisdictional limitations. Plaintiff

believed that "Attorney David Sean Dufek" and DUFEK was "meaningfully"

involved in the collection of the debt and that DUFEK would file a lawsuit against

her if she did not pay the amount demanded in the letter. [A13]. Mr. Dufek played

no professional role in the review of Ms. Jones' alleged account nor did he send or

instruct the sending of the attorney collection letter.

Strongly believing that an attorney was involved in the collection of the amount

claimed in the letter and frightened of a lawsuit Plaintiff contacted legal counsel as

she feared that she would be sued if she did not pay the amount claimed by the

Defendants. Plaintiff then filed suit against the Defendants in the District of

Columbia Superior Court on February 28, 2014 for violations of the FDCPA

pursuant to 15 U.S.C. § 1692e(2) (3) (5)(10), § 1692j and 1692f, the DCCPPA and

the DCDCL. [A9, A10].

## **SUMMARY OF ARGUMENT**

The District Court's January 6, 2014 Order should be reversed and

Defendant's motion for judgment on the pleadings should be denied based upon

Plaintiffs claims that Defendant's debt collection practices violate Sections

1692e(2)(3)(5)(10), 1692f and 1692j and D.C. Code § 28-3904(e), (f) and D.C. Code § 28-3814f (5),(8),(9).

Contrary to the findings of the District Court that the collection letter is not misleading or deceptive due to the *Greco* disclaimer in the letter and because the letter does not contain an explicit threat to sue, an unrepresented least sophisticated consumer would be deceived or at the very least confused by a letter he/she received from a law firm containing an obscured disclaimer reading no attorney involvement that directly contradicts, in the same letter, a signature of the attorney who is the law firm's namesake along with his title "Attorney David Sean Dufek." The disclaimer is not included in the body of the letter as it was in *Greco* but relegated to beneath the signature block where most consumers are less likely to read or give much importance. The District Court's Order relating to the FDCPA claims should be reversed because the unrepresented least sophisticated consumer would reasonably believe, and Plaintiff did believe (though not a requirement), that DUFEK and Mr. Dufek were meaningfully involved with the account and that the alleged account had been escalated to the level of attorney involvement and initiation of a lawsuit if he/she did not pay the amount claimed.

The District Court's January 6th Order relating to the DCCPPA claims of the Plaintiffs alleging that Defendant's debt collection practices violated Sections § 28-3904(e)(f) of the DCCPPA should also be reversed because debt collection, as a

later stage of the consumer-merchant transaction for credit services, is a trade practice within the meaning of the DCCPPA as it 1) "provides information about" the alleged credit account; and 2) "directly or indirectly….effectuate[s]" the transfer of the account from the original creditor to the new creditor, and 3) "alter[s]…the amount of the alleged debt transferred through collection of payments thereon; and 4) continued to make available, indirectly, the line of credit allegedly extended by Bank of America; and 5) violated the DCCPPA by Mr. Dufek and DUFEK engaging in the unauthorized practice of law by holding himself and itself out as an attorney licensed to practice law in the District of Columbia.  Second, the legislative history and other statutes confirm that debt collection is a trade practice within the meaning of the FDCPA. Third, as a person who is alleged to have received a line of credit from Defendant's predecessor in interest or a "person who does or would purchase, lease (from), or receive consumer goods or services including a co-obligor or surety, or a person who does or would provide the economic demand for a trade practice," Plaintiff is a consumer under D.C.Code § 28-3901(a)(2) and should have been allowed discovery to prove the point.

There were material questions of fact that needed to be determined through discovery in this case and the District Court erred by dismissing Plaintiff's claims on the pleadings as a matter of law.  Plaintiffs stated claims that are plausible on

the facts alleged as the letter, despite the obscured disclaimer, containing Mr.
Dufek's signature, title and letterhead deceptively implies if not outright states
attorney involvement when there was no attorney so involved, threatens action and
deceives or at least confuses the unrepresented least sophisticated consumer.

## STANDARD OF REVIEW

This Circuit has previously ruled that its review of dismissal of claims is de
novo. *Rudder v. Williams*, 666 F.3d 790, 794 (D.C.Cir. 2012). This Circuit has
further decided that "[a] Rule 12(c) motion is 'functionally equivalent' to a Rule
12(b)(6) motion and governed by the same standard. See *Haynesworth v. Miller*,
820 F.2d 1245, 1254 (D.C.Cir.1987). A plaintiff's allegations in the complaint
must "raise a right to relief above the speculative level." *Bell Atlantic Corp. v.
Twombly*, 550 U.S. 544, 570 (2007). To survive the motion, a plaintiff need only
plead "enough facts to state a claim to relief that is plausible on its face" and to
"nudge[ [his or her] claims across the line from conceivable to plausible." *Id.*
"[O]nce a claim has been stated adequately, it may be supported *by* showing *any
set of facts consistent with the allegations* in the complaint." *Id.* at 563. The court
should not dismiss for failure to state a claim unless it appears beyond doubt that
"no set of facts in support of [plaintiff's] claim would entitle him to relief."
*Aktieselskabet AF 21. Nov. 2001 v. Fame Jeans, Inc.* 525 F.3d 8, 16 n.4 (D.C. Cir.
2008).

Additionally, in deciding a Rule 12(c) motion, a court "must assume all the allegations in the complaint are true (even if doubtful in fact) . . . [and] must give the plaintiff the benefit of all reasonable inferences derived from the facts alleged." *Id* at 17 (D.C. Cir. 2008) (quotation marks and citations omitted). "The court must treat the complaint's factual allegations--- including mixed questions of law and fact---- as true and draw all reasonable inferences therefrom in plaintiff's favor." *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003). This Circuit has ruled that "if material facts are susceptible to divergent inferences, we must reverse the District Court's grant of summary judgment" which is a greater burden than opposing a Rule 12(c) motion. See *Tao v. Freeh*, 27 F.3d 635, 638 (D.C.Cir.1994). A complaint will survive a motion to dismiss if it contains sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Id* at 678.

## **ARGUMENT**

## I.     **FAIR DEBT COLLECTIONS PRACTICES ACT (15 U.S.C. § 1692 *et seq.*)**

As this Circuit does not have any precedent relating to the FDCPA and the DCCPPA most of the issues raised in the instant appeal are issues of first impression.

## A.    Legislative History of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

Congress enacted the FDCPA in 1977, 91 Stat. 874, to eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers. 15 U.S.C. § 1692(e). In pertinent part, the Act prohibits debt collectors from making false representations as to a debt's character, amount, or legal status, § 1692e(2); false implications that an individual is an attorney or that a communication is from an attorney, § 1692e(3); threats to take any action that cannot be legally be taken or that is not intended to be taken,§ 1692e(5), use of false misrepresentation or deceptive means to collect a debt, § 1692e(10); use of unfair or unconscionable means to collect a debt, § 1692f; use of false or deceptive forms to create the false belief in consumer that a person other than the creditor is participating in the collection of the debt, § 1692j.  See generally §§ 1692b-1692j; *Heintz v. Jenkins*, 514 U.S. 291, 292-293, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995)

## B.    The Least Sophisticated Consumer Standard

The most widely used standard by the circuit courts of appeals is the "least sophisticated consumer" standard. *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d. Cir. 1996).

Literally, the least sophisticated consumer is not merely "below average," he is the very last rung on the sophistication ladder. Stated another way, he is the single most unsophisticated consumer who exists. Even assuming that he would be willing to do so, such a consumer would likely not be able to read a collection notice with care (or at all), let alone interpret it in a reasonable fashion. *Gammon v. GC Servs.*, 27 F.3d 1254, 1257 (7th Cir. 1994).

Therefore, though the Third Circuit concluded in *Campuzano-Burgos v. Midland Credit Mgmt.*, 550 F.3d 294, 299 (3d Cir. 2008), cited by the District Court, that the least sophisticated consumer is bound to read the collection letter in its entirety, the Seventh Circuit concluded that the least sophisticated consumer is not likely to be able to read a collection notice with care or interpret it in a reasonable fashion. *Gammon*, 27 F.3d at 1257. The consensus thus far of the circuits is that unless a belief by the "least sophisticated consumer" is "bizarre or idiosyncratic" it is considered reasonable. *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000) citing *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993).

As the FDCPA is a remedial statute it is construed liberally in favor of the consumer. (citations omitted). *Johnson v. Riddle*, 305 F.3d 1107, 1117 (10th Cir. 2002); *Kaymark v. Bank of America, N.A.*, 783 F.3d 168, 174 (3d Cir. 2015) (same). The FDCPA "is a strict liability statute, and the degree of a defendant's culpability may only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau, Inc.*, 6 F.3d 60, 63 (2d Cir.1993) (internal citation omitted).

**C.    Standard of Review as to Whether a Collection Letter Violates the FDCPA is a Question of Fact**

The question of whether the court can decide whether a collection letter can

reasonably be interpreted by the *least sophisticated consumer* to be misleading or

deceptive as a matter of law has not been decided by this Circuit.  However, in

*Whiting v. AARP* this Circuit did address the question in dictum:

> Citing *Walker v. Nat'l Recovery, Inc.*, 200 F.3d 500, 502 (7th Cir.1999), a
> case involving notice under the Fair Debt Collection Practices Act
> ("FDCPA"), Whiting maintains that this court cannot decide on a motion to
> dismiss whether a reasonable person would tend to be misled by the
> promotional materials. In the fraud context, however, this court has held that
> materials can be non misleading as a matter of law if no reasonable person
> would be misled. *Trudeau v. FTC*, 456 F.3d 178, 194 (D.C.Cir. 2006).

637 F.3d 355, 364 (D.C. Cir. 2011).  After noting that some circuit courts of appeal

have rejected the *Walker* approach, this Circuit decided that the court can

determine whether *a reasonable person* would be deceived as a matter of law but

did not decide that deception perceived through the prism of the "least

sophisticated consumer" can be so determined.  Additionally, this Circuit reversed

a decision dismissing plaintiffs' claims based on the lower court's conclusion that

plaintiffs could not have <u>reasonably believed</u> that an assessment fee relating to an

organization's membership was mandatory rather than optional in *In re APA*

*Assessment Fee Litigation*, 766 F.3d 39, 39 (D.C. Cir. 2014). The Circuit reversed

in part explaining that "Defendant seek[ing] to prevail at the motion-to-dismiss

stage even though the '*reasonableness of ... reliance upon a misrepresentation is a*

25

*question of fact*, for which disposition by [pre-trial motion] is generally inappropriate.'" *Id* at 48. *In re APA Assessment Fee Litigation* is instructive as it specifically addresses the issue of the court deciding whether reliance, similar to a belief, is reasonable and concludes in all instances raised by that case that a dispositive decision at the motion-to-dismiss stage is inappropriate. *Id* at 48, 55-56. Whether the unrepresented least sophisticated consumer could reasonably believe that the letter at issue is deceptive is also a question of fact inappropriate for resolution through a Fed. R. Civ. P. 12(c) motion.

Other circuits have ruled on whether the application of the least consumer standard to the language of a debt collection letter is a question of fact or of law and are split on the issue. Circuits that have considered the issue a question of fact, *see Kistner v. The Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433, 441 (6th Cir. 2008) ("a jury should determine whether the letter is deceptive and misleading"); *Gonzalez v. Kay*, 577 F.3d 600, 607 (5th Cir. 2009)(jury question as reasonable minds may differ); *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193(11th Cir. 2010)(Whether debt collector's dunning letter purported to be from its "Legal Department" was a threat to take legal action under the least sophisticated consumer standard "presents a genuine issue of material fact that precludes judgment as a matter of law."); *Johnson v. Revenue Mgmt. Corp.,*169 F.3d 1057, 1060 (7th Cir.1999), and others a question of law, *see* e.g., *Shapiro v.*

*Dun & Bradstreet Receivable Mgmt. Servs., Inc.*, 59 Fed.Appx. 406, 407-08 (2d Cir. 2003) (citing *Russell v. Equifax A.R.S.,* 74 F.3d 30, 34 (2d Cir.1996); *Terran v. Kaplan*, 109 F.3d 1428, 1432 (9th Cir.1997); *Wilson.,* 225 F.3d at 353 n. 2. Notably, the Third Circuit, the circuit relied on by the District Court, has also reversed the grant of a motion to dismiss because the plaintiff properly stated a claim for "false, deceptive, or misleading representation" under 15 U.S.C. § 1692e and because further proceedings were warranted to determine if the consumer's reading was "reasonable" in light of the facts of this case. *Brown v. Card Serv. Ctr.,* 464 F.3d 450, 455 (3d Cir. 2006). Therefore, the circuits appear to be pretty evenly split as to whether the question is one of fact or law. Judge Posner of the Seventh Circuit explained that "the intended recipients of dunning letters are not federal judges, and judges are not experts in the knowledge and understanding of unsophisticated consumers facing demands by debt collectors. We are no more entitled to rely on our intuitions in this context than we are in deciding issues of consumer confusion in trademark cases….." *Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 776 (7th Cir. 2007)

In light of the intent behind the remedial law to protect the shrewd as well as the gullible, as the gullible are the likely targeted victims of such abusive practices, whether the least sophisticated consumer can reasonably be deceived by a collection letter is more in keeping with the approach of *In re APA Assessment Fee*

*Litigation* relating to the reasonableness of reliance cited above and should be considered a question of fact for the trier of fact to decide.

### 1.    The District Court Imposed a Higher Standard than the Least Sophisticated Consumer Standard.

Whether a question of fact or law the District Court's ruling is in error.  In this case, the District Court applied a much higher standard, the standard of a legal professional fully versed in debt collection law, rather than the least sophisticated consumer standard.  Under the lower court's opinion the unrepresented least sophisticated consumer is assumed to somehow know to disregard the fact that the letter is printed on law firm letterhead and signed by an actual attorney titled as such because the letter also includes a contradictory and obscured disclaimer in its margins.  In fact, it is reasonable that the unrepresented least sophisticated consumer like Plaintiff will at the very least be confused and will more likely conclude that because the letter contains a routine legalese disclaimer at the bottom of the page and an actual attorney had signed the letter in spite of such disclaimer that her account has been escalated to a level of actual attorney involvement.  Further, using the District Court's contract law analogy, the letter should be construed against the drafter similar to the principle applied by the FTC for deception in advertising. See *Ward Laboratories, Inc. v. Federal Trade Commission*, 276 F.2d 952 (2d Cir. 1960) (Advertising capable of being interpreted in a misleading way should be construed against the advertiser).

Therefore, if applying the least sophisticated consumer standard and resolving all inferences in favor of the Plaintiffs, Defendants motion should have been denied.

**D.  Whether the Collection Letter Sent to District of Columbia Consumers By DUFEK Violated the sections 1692e(2)(3)(5)(10) and 1692f and 1692j of the FDCPA Present Material Issues of Missing Facts Not Addressed by the District Court**

Though Plaintiffs allege violations under 15 U.S.C. § 1692e(2)(3)(5)(10) and 1692f and 1692j of the FDCPA the District Court's order only addresses the allegations under §1692e(3) and (5).  The District Court opinion does not address Plaintiffs' allegations under §1692e(10) whereby Plaintiffs allege that Mr. Dufek did not in fact send the collection letter at issue, an allegation strengthened by the facsimile signature, DUFEK's limited admission in its Answer that the "letter was sent" and the overall appearance of the letter suggesting it to be a mass-produced form letter similar to ones that have been ruled violations of the FDCPA by multiple circuits as addressed further below. (A33).  Plaintiffs' allegation under §1692j asserting that Defendants or another third party designed the form collection letter intending to create the false belief in consumers that Mr. Dufek, as an attorney, was involved with the alleged account and to falsely imply that DUFEK sent the letters also lack sufficient facts in record to support dismissal as a matter of law. See *Kistner*, 518 F.3d at 442 (Genuine issues of material fact exists as to whether one can reasonably conclude, under the "least-sophisticated-

29

consumer" test, that the collection letters addressed to Plaintiffs are susceptible to a belief that they are *from* an attorney).

Consequently, there are missing material facts as to whether the collection letter at issue is "from" DUFEK or Mr. Dufek in any meaningful sense, whether the form letter was designed to deceive the least sophisticated consumer and what entity sent the form letter.  As such, there are insufficient facts supporting the District Court's conclusion that such involvement was adequately disclosed. Discovery must be conducted and the record developed to answer such questions. The Defendant also made multiple declarations, without argument or legal support, to Plaintiffs allegations in its motion which were accepted by the District Court without comment. As Defendant's declarations were insufficient to rebut Plaintiff's allegations, such arguments should have been treated as conceded. (A43-A44); *Bancoult v. McNamara*, 227 F.Supp.2d 144, 149 (D.D.C. 2002)

As such, when resolving all inferences in favor of the Plaintiffs there is no basis in the record for the District Court's conclusion that Plaintiffs claims should be dismissed as a matter of law as no facts, argument or law was presented by the Defendant to enable such a conclusion.

## 1. Whether Defendants Implied and/or Expressly stated a False Level of Attorney Involvement in Violation of §1692e(3) and (10) Involve Missing Material Facts Not in the Record

### i. *Use of Attorney Letterhead, the Title "Attorney David Sean Dufek," the Signature of David Sean Dufek and the website Specified for*

30

**Payment as http://lawofficeofdavidseandufek.com indicia Contradict the Disclaimer and is deceptive in Violation of § 1692e(10)**

Relying on *Greco v. Trauner, Cohen & Thomas, LLP.*, 412 F.3d 360, 364 (2d Cir. 2005) the District Court concluded that "the letter at issue here specifically disclaimed meaningful lawyer involvement on the first page," and that "attorneys can participate in debt collection as long as their status as attorneys is not misleading. Here, nothing was misleading about Dufek's involvement, Dufek's involvement was accurately disclosed, and there was no threat of suit or legal action." [A117, ¶1]. Defendant misapprehends the effect of the *Greco* disclaimer when it implies that the *Greco* disclaimer saves the letter from violating § 1692e(10).  The use of Mr. Dufek's signature, DUFEK's letterhead, the title "Attorney David Sean Dufek," the obscured disclaimer beneath the signature block and the website *lawofficeofdavidseandufek.com* as the portal for payments all distinguish this case from *Greco*.  Further, the placement of the disclaimer matters when it is overshadowed, obscured and contradicted by an individual attorney's signature, title, legal terms and law firm references. Nor does a disclaimer printed in the margins of a collection letter instead of "clearly" placed in the body of the letter meet the *Greco* standard upon which Defendants heavily rely. *Id* at 364.

In *Greco*, the Second Circuit ruled that an attorney can be involved in the debt collection process as long as the letter "includes *disclaimers* that *make clear*

31

even to the least sophisticated consumer that the law firm or attorney sending the letter is not, at the time of the letter's transmission, acting as an attorney." *Id* (emphasis added).  As noted in *Greco*, "nothing in the letter "confused or contravened this disclaimer." *Id* at 365. The Second Circuit after noting that the letter at issue was not signed by an individual attorney confirmed that "the use of an attorney's signature implies — at least in the absence of language to the contrary — that the attorney signing the letter formed an opinion about how to manage the case of the debtor to whom the letter was sent." *Id* at 364-365. Contrary to the *Greco* Defendant's letter includes multiple other messages that "confused or contravened" the obscured disclaimer such as the signature AND title of Mr. Dufek as an attorney and the removal of the disclaimer from the body of the letter to the margin. The letter here does not meet the standard suggested in *Greco*.

It is also important to note that multiple circuits have distinguished or ignored *Greco* by specifically focusing on the placement of the disclaimer and the clear contradiction presented by such disclaimer. Containing very similar circumstances to this case, the Third Circuit in *Lesher v. Law Offices of Mitchell N. Kay*, 650 F.3d 993 (3rd Cir. 2011) ruled that the *Greco* disclaimer on the back of the letter containing the statement "'[a]t this point in time, no attorney with this firm has personally reviewed the particular circumstances of your account' does little to clarify the Law Firm's role in collecting the debt because it completely

contradicts the message sent on the front of the letters — that the creditor retained a law firm to collect the debt." *Id* at 1003. In *Gonzalez v. Kay*, the Fifth Circuit ruled that even though the collection letter contained the *Greco* disclaimer on the back of the letter the letter was still misleading based on the location of the disclaimer. 577 F.3d at 606-607. The circuit went on to counsel:

> "We caution lawyers who send debt collection letters to *state clearly, prominently, and conspicuously* that although the letter is from a lawyer, the lawyer is acting solely as a debt collector and not in any legal capacity when sending the letter. The disclaimer must explain to even the least sophisticated consumer that lawyers may also be debt collectors and that the lawyer is operating only as a debt collector at that time. Debt collectors acting solely as debt collectors must not send the message that a lawyer is involved, because this deceptively sends the message that the "price of poker has gone up." (emphasis added)(citations omitted) *Id.*

In *Kistner v. Law Offices of Michael P. Margelefsky*, the Sixth Circuit disregarding *Greco* reached a similar conclusion explaining:

> "The LLC's letter is printed on law firm letterhead, it makes repeated reference to a law firm, and it directs remittance to an individually named lawyer. But it also explicitly states that it is from a debt collector and is "signed" by an unnamed "Account Representative." Based on these conflicting aspects of the letter, we conclude that the district court erred in granting summary judgment to [the law firm], but we will not go to the other extreme either by granting summary judgment to Kistner. Instead, a jury should determine whether the letter is deceptive and misleading — specifically, whether the letter gives the impression that it is from an attorney even though it is not."

518 F.3d at 440-441(citations omitted). In other words, the Sixth Circuit concluded that the "conflicting aspects of the letter" raises the question of whether

the letter is deceptive and misleading and should be determined by a jury. All of the "conflicting aspects" noted in *Kistner* are present in this case. *Id* at 440.

To summarize, like in *Lesher*, regardless of the disclaimer the inclusion of the signature and the abnormally styled title "Attorney David Sean Dufek" does nothing to clarify DUFEK's role except to falsely indicate that it was acting as an attorney and not as a debt collector. If Mr. Dufek intended to clarify to the unrepresented least sophisticated consumer that he was acting as a debt collector then he would have used the title "Debt Collector David Sean Dufek." Like in *Gonzalez*, the Defendant intentionally did not display the disclaimer *prominently and conspicuously* in the body of the letter but instead relegated it to the margins while prominently and conspicuously displaying Mr. Dufek's signature and title "Attorney David Sean Dufek." Like in *Kistner*, the letter here is printed on law firm letterhead, makes repeated references to a law firm such as "Attorney at Law" and www.lawofficeofdavideseandufek.com, directs remittance to David Sean Dufek individually named and gives conflicting statements that the letter is from a debt collector. However, the letter here goes further by including the additional contradictory statement that no attorney is involved and instead of using the descriptive "Account Representative" in the signature block; includes the signature of the namesake of the law firm and his title "Attorney David Sean Dufek."

Further similar to *Kistner*, where the Sixth Circuit ruled that the inclusion of the title "'Account Representative' does not necessarily blunt 'any effect in the reader's mind caused by' the repeated references to '[t]he Law Offices of [debt collection law firm]'and the payment voucher directing remittance to '[debt collection law firm],'" the inclusion of the contradictory and obfuscated disclaimer here does not blunt the effect in the unrepresented least sophisticated consumer's mind of the repeated references to the Law Office of David Sean Dufek, "Attorney at Law," Mr. Dufek's signature and title as "Attorney David Sean Dufek" and a remittance instruction to send payment to "David Sean Dufek" individually named. As such, this case presents a much clearer call than *Kistner* as the collection letter here clearly contradicts the disclaimer allowing for multiple meanings that would be at least confusing and likely deceptive to the unrepresented least sophisticated consumer as a matter of law.

The District Court also cites *Eddis v. Midland Funding, L.L.C.,* No. 11 Civ. 3923, 2012 WL 664812, at *8 (D.N.J. Feb. 28, 2012) as support for its conclusion. Again, the facts here are dramatically distinguishable as unlike in *Eddis* the disclaimer here is not in the body of the letter but obscured beneath the signature block, the letter does contain the clause "[t]his office has been retained to collect a debt owed by you to CACH, LLC" referenced as absent in *Eddis* and the letter here goes further by brazenly including the signature of an individual attorney and his

title as "Attorney David Sean Dufek" in direct contradiction to the disclaimer not placed conspicuously and prominently in the body of the letter like in *Greco* but diminished in importance to the letter's margins.

As it is sometimes helpful to see the actual letters at issue in the cases relied on by the lower court, Plaintiffs provide to the Court the letters in *Eddis* and another case cited in the *Eddis*, *Panto v. Professional Bureau of Collections*, 2010 cv 004340 (D.N.J. Mar. 7, 2011) as Exhibit A to the Addendum for purposes of comparison to the letter here. The actual *Greco* letter is reproduced verbatim in the *Greco* opinion for the Court's reference. As is revealed by a side by side comparison of the letter here with the letters in *Eddis*, *Panto* and *Greco*, the letter here goes way beyond what was deemed acceptable in those cases and in fact violate many of the standards referred to in such cases. The most blatant departure is the use of Mr. Dufek's signature and his title "Attorney David Sean Dufek. The *Panto* letter was a lay debt collection letter involving a 1692g(a) claim as oppose to an attorney debt collection letter involving a 1692e claim as is the case here. As such, it involves different issues and a different section of the FDCPA.

The letter here also contains a remittance instruction to pay Mr. Dufek individually without any instruction to make a check payable to the alleged creditor. If the unrepresented least sophisticated consumer happen to notice the disclaimer he/she would at least be confused and likely deceived as to the overall

impression of the letter, as oppose to just the disclaimer in isolation.  See *Gonzales*, 577 F.3d at 607(The Circuit cautioned that it would "not construe the disclaimer in isolation but must analyze whether the letter is misleading as a whole.").

   The letter here presents three possible meanings: 1) the signature and title indicates that an attorney is definitely involved with my account; 2) the disclaimer states that an attorney is not involved with my account; 3) despite the disclaimer my account has been elevated to attorney involvement. Such an interpretation is not bizarre or idiosyncratic especially when the *entirety* of the letter is read by the least sophisticated consumer as suggested by the District Court. *Clomon*, 988 F.2d at 1319).  As there are multiple meanings that an unrepresented least sophisticated consumer like Plaintiff could take from the collection letter as to its overall impression the letter is deceptive as a matter of law. *Rosenau v. Unifund Corp.*, 539 F.3d 218, 222 (3d Cir. 2008)("A communication is deceptive for purposes of the Act if "it can be reasonably read to have two or more different meanings, one of which is inaccurate."); Also see *Russell*, 74 F.3d at 35.

   As the letter, by including the signature and title of an individual attorney contradicted, obscured and overshadowed the disclaimer placed in the letter's margin AND the letter fails to meet the standard set in *Greco* or *Eddis* in its failure to *make clear* that Defendant was acting in its capacity as a debt collector and not an attorney, the letter is misleading and deceptive to the unrepresented and least

sophisticated consumer. Therefore, if resolving all inferences in Plaintiffs' favor and accepting the facts alleged by Plaintiffs as true the District Court erred in granting Defendant's motion for judgment on the pleadings as an unrepresented least sophisticated consumer like Plaintiff reasonably would and did believe that an attorney was involved with her account.

### ii. *The Existence of the Obscured Disclaimer is Irrelevant to Whether the Collection Letter is "from" an Attorney in any Meaningful Sense in violation of § 1692e(3) and § 1692e(10)*

The Fair Debt Collections Practices Act makes it a violation to falsely represent or imply that an individual is an attorney or that a communication is *from* an attorney. 15 U.S.C. § 1692e(3). "[T]he statement that the letter 'is from a debt collector' is a statutorily-required notification, 15 U.S.C. § 1692e(11), that should not be viewed as nullifying any implication that the letter is *from* an attorney." *Rosenau*, 539 F.3d at 223(emphasis added). Moreover, though the Defendant attempts to conflate the question relating to Plaintiff's §1692e(3) allegation with the question of whether the inclusion of the signature and title together with the contradictory disclaimer makes the letter deceptive under §1692e and e(10), these are two different questions. The §1692e(3) question is whether the collection letter printed on DUFEK letterhead including the signature and title of Mr. Dufek as an attorney is a letter "from" Mr. Dufek in any meaningful sense as is expressly represented in the letter and as such the disclaimer is irrelevant.

The Third Circuit explained in *Clomon*, the seminal case on the issue of

attorney debt collection letters:

> …we are mindful of the appellant's concern regarding the economic
> necessity of mass mailing in the debt collection industry. It is apparent that
> mass mailing may sometimes be the only feasible means of contacting a
> large number of delinquent debtors, particularly when many of those debtors
> owe relatively small sums. But it is also true that the FDCPA sets boundaries
> within which debt collectors must operate. No mass mailing technique is
> permissible — regardless of how effective it might be — if that technique
> constitutes a false, deceptive, or misleading communication. As we have
> found here, the use of an attorney's signature on a collection letter implies
> that the letter is "from" the attorney who signed it; it implies, in other words,
> that the attorney directly controlled or supervised the process through which
> the letter was sent. We have also found here that the use of an attorney's
> signature implies — at least in the absence of language to the contrary —
> that the attorney signing the letter formed an opinion about how to manage
> the case of the debtor to whom the letter was sent. In a mass mailing, these
> implications are frequently false: the attorney whose signature is used might
> play no role either in sending the letters or in determining who should
> receive them. For this reason, there will be few, *if any*, cases in which a
> mass-produced collection letter bearing the facsimile of an attorney's
> signature will comply with the restrictions imposed by § 1692e.

988 F.2d at 1321.  If the letter is not in any real sense "from" the attorney, then it

violates §1692e(3) and (10). *Nielsen v. Dickerson, et al.*, 307 F.3d 623 (7th Cir.

2002)(affirmed granting of summary judgment in favor of the plaintiffs class ruling

that letters sent by law firm not "from" attorney in any meaningful way). The

Seventh Circuit further explained:

> As we recognized in *Avila*, a debt collection letter that is issued on an
> attorney's letterhead and over his signature conveys the notion that the
> attorney has "directly controlled or supervised the process through which the
> letter was sent"— i.e., that he has assessed the validity of the debt, is
> prepared to take legal action to collect on that debt, and has, accordingly,

decided that a letter should be sent to the debtor conveying that message. "The attorney letter implies that the attorney has reached a considered, professional judgment that the debtor is delinquent and is a candidate for legal action." It is this *implicit* message that "get[s] the debtor's knees knocking" and makes the attorney letter a particularly effective method of debt collection. If, however, the letter to the debtor is not the product of the attorney's professional judgment—if he has not independently determined that the debt is ripe for legal action by reviewing the debtor's file, for example; if he has not exercised discretion in deciding whether and when the letter should be sent to a given debtor; if he does not see the individual letter before it is sent—then the letter is misleading. *Attorney letters prepared en masse are frequently false for want of such judgment.*

*Nielsen,* 307 F.3d at 635(emphasis added)(citations omitted).

Here, the disclaimer is irrelevant as to whether Mr. Dufek/DUFEK falsely represented or implied that the letter was "from" Mr. Dufek acting as an attorney or whether the letter was even sent by DUFEK. Therefore, the focus of the lower court on the disclaimer is in error as the disclaimer has no bearing on whether the collection letter was actually from DUFEK and Mr. Dufek in any meaningful sense given that said letter is printed on DUFEK letterhead and signed and titled "Attorney David Sean Dufek" purportedly by Mr. Dufek. The District Court implicitly concludes that a *Greco* disclaimer overrides the signature and title of an individual attorney in the context of a §1692e(3) claim when no circuit, not even *Greco*, has ever concluded that such circumstances can be so overridden and in fact concludes the opposite. Notably, two of this Court's sister circuits, Third and Fifth, have ruled that a letter very similar to the letter here violates §1692e(3) in

spite of the fact that the letters contained the *Greco* disclaimer. *Lesher and Gonzalez, supra.* Though the letters in *Lesher* and *Gonzalez* contained disclaimers on the back of the letters instead of in the margin of the letter as is the case here, those letters did not include an attorney signature and title "Attorney David Sean Dufek" clearly, prominently and expressly indicating that the letter is "from" an attorney acting as an attorney.

As the disclaimer states that DUFEK is acting in its capacity as a debt collector the title "Attorney David Sean Dufek" is a prima facie false representation as it is literally false on its face and therefore deceptive. The letter outright falsely represents that Mr. Dufek is acting as an attorney in relation to the alleged accounts. An attorney's signature and title on a letter connotes that the attorney has reviewed and become professionally involved in the alleged account as discussed in *Nielsen*. Plaintiffs allege that there was no such involvement in addition to disputing whether the entity that sent the letter is in fact DUFEK or any law firm. As determined in *Clomon* and *Nielsen*, mass-produced form letters connote no attorney involvement and mailings by lay debt collectors renting DUFEK's name, title, signature and letterhead are deceptive under § 1692e(3).

Because the letter at issue is clearly a mass mailing and there are no facts in the record establishing what entity sent the letter or if the letter is "from" Mr. Dufek when all inferences are construed in favor of Plaintiff the District Court

erred in dismissing Plaintiffs claims.  Further, as Defendants vigorously argue that no attorney was involved in Plaintiff's account based on the disclaimer the inclusion of the signature and title "Attorney David Sean Dufek" is deceptive in violation of § 1692e(3) because Mr. Dufek was not meaningfully involved in the alleged account as an attorney making the title misleading on its face. Defendants therefore admit by default that it violated § 1692e(3).

When viewed from the perspective of the unrepresented least sophisticated consumer like Plaintiff, Mr. Dufek's signature along with the misleading title in the collection letter causes the consumer to reasonably believe that an attorney is meaningfully involved in the alleged account. [2] Such a belief is not a bizarre or idiosyncratic interpretation of a collection letter printed on law firm letterhead with no jurisdictional limitations signed by an attorney with said attorney titled as such, claiming to have been "retained" to collect a debt alleged to be "owed by [her] to CACH LLC" and including in the heading of the letterhead "Law Office of David Sean Dufek" and "Attorney at Law." (A13, ¶¶ 33, 34). What can be termed as bizarre or idiosyncratic is Defendant's argument suggesting that in light of all the contradictory evidence signifying escalation and attorney involvement the unrepresented least sophisticated consumer can somehow deduce that the letter is not from an attorney based on a disclaimer.

---

[2] *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006); *Hamilton v. United Healthcare of La,* 310 F.3d 385, 392 (5th Cir. 2002)

Further, the language "at this time, no attorney with our law firm…" contained in the disclaimer give the false impression that at some point an attorney from DUFEK, acting as such, will "review the particular circumstances" of the account which is also false as the whole purpose of mass mailing such letters is to avoid attorney involvement.  Defendant DUFEK's law practice is designed to circumvent attorney involvement and/or review.  The "at this time" language does not *make clear* that at no point will Mr. Dufek or any attorney from his firm become involved as an attorney with the account. The *Greco* sentence, relied on by the Defendants, is just a construct, a legal nicety that debt collection attorneys use to try to convince judges that the practice of sending signed mass-mailed form letters to unrepresented consumers without requiring any attorney involvement is somehow reasonable. It is not. The Rules of Professional Responsibility, the Fair Debt Collections Practices Act, the District of Columbia Consumer Protection and Procedures Act and established circuits precedent so confirm. The disclaimer here cannot override the cumulative effect of the letter as a whole, that the letter is "from" an attorney acting as an attorney.

It is obvious that CACH hired DUFEK to give the appearance that the letter is "from" DUFEK rather than utilize DUFEK's legal expertise/judgment. There is no basis for concluding that the unrepresented least sophisticated consumer should have perceived that the signature and title of the namesake of the law firm is

somehow overridden by the disclaimer thereby making clear that the letter is not "from" an attorney acting as such solely from the letter itself as Defendant argued.

**2. Implicit Threats of a Lawsuit Violate the FDCPA and the Authority or Intention of Defendants to bring a Lawsuit or Provide Meaningful Legal Services Involve Missing Material Facts Not in the Record**

### i.    *Implicit threats Violate the FDCPA*

Subsection 1692e(5) prohibits a debt collector from "threatening to take action that cannot legally be taken or that is not intended to be taken and from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e(5), 15 U.S.C. § 1692e. The District Court concluded that "[t]here cannot be a 'misrepresentation' about Dufek's authority to sue unless such an action is actually threatened. Unfortunately for the plaintiff, the letter makes no mention of a lawsuit." [A116 ¶2].

However, contrary to the Defendant's position and the District Court's conclusion a lawsuit does not have to be expressly mentioned to constitute a threat, false implied threats also violate the FDCPA. *LeBlanc*, 601 F.3d at 1193 (explaining that "any aspect of a debt collector's communication —whether *explicit or implied*—[that] has the purpose or effect of making a debtor more likely to respond [must] in fact, [be] true.")(citations and quotations omitted). Additionally, there are no limiting terms such as "explicit" in the language of the provision that apply to its prohibitions against threats or false or misleading conduct by debt

collectors. *See* 15 U.S.C. § 1692e (specifying certain prohibited acts "[w]ithout limiting the general application of the foregoing" language).

Additionally, courts and circuits have held that the implicit threat of litigation is present simply because the letter comes from an attorney, the letter need not explicitly threatened suit. *Lesher v. Law Office of Mitchell N. Kay, P.C.*, 724 F.Supp.2d 503, 509 (M.D. Penn 2010)("A law firm's letter does bear an implied threat of litigation, and does connote that it is a communication from an attorney."). "Because to most consumers, the relevant distinction between a collection agency and an attorney is the ability to sue," a letter signed by an attorney signals to the unsophisticated consumer that legal action is at hand. *United States v. Nat'l Fin. Servs.*, 98 F.3d 131, 136-37 (4th Cir.1996) (affirming district court's finding that a "least sophisticated consumer" could interpret debt collector's language "your account will be transferred to an attorney if it is unpaid after the deadline" [similar to the "at this time" language here] as a threat of suit); *Crossley v. Lieberman*, 868 F.2d 566 (3d Cir. 1989); *United States v. Central Adjustment Bureau*, 667 F.Supp 370, 397 (N.D.Tex. 1986). Further, in *Lesher*, addressed *supra*, and involving a nearly identical collection letter, the Third Circuit ruled that "it was misleading and deceptive for the [collection law firm] *to raise the specter of potential legal action* by using its law firm title to collect a debt

when the firm was not acting in its legal capacity when it sent the letters." *Lesher*, 650 F.3d at 1003.

Moreover, there are no facts in the record establishing the authority of DUFEK or Mr. Dufek in connection with the alleged account. If DUFEK or Mr. Dufek did not have authority to act as "Attorney David Sean Dufek" and provide meaningful legal services to CACH or to file suit and was only authorized to act as a debt collector then the title is misleading as the letter implies actions that cannot legally be taken or that are not intended to be taken. Though the District Court appears satisfied that because Mr. Dufek is an attorney there can be no false representation in the letter about the services provided, the court misapprehends FDCPA law, the debt collection industry and the ethical rules of the District.

First, more often than not debt collection law firms are not authorized to provide professional legal/litigation services in connection with accounts identified in collection letters bearing the firm's letterhead. Second, the District of Columbia Court of Appeals limit the definition and use of the title 'attorney' to attorneys that are licensed in the District of Columbia and Dufek's use of the title in letters directed to District of Columbia residents is a misrepresentation. D.C. App. R. 49(b)(4). Third, Rule 4.3 of the Rules of Professional Conduct mandate that when a "lawyer knows or reasonably should know that the unrepresented person misunderstands the lawyer's role in the matter, the lawyer should make reasonable

efforts to correct the misunderstanding." Viewing the letter as a whole, the unrepresented least sophisticated consumer would misunderstand the DUFEK's role in the collection of a debt as the letter falsely implies that Mr. Dufek and DUFEK are providing legal/litigation services to CACH/Bank of America and violates § 1692e(5). [A6].  Moreover, in every other area of the law, when an attorney becomes involved, the matter is considered escalated and there is a serious and meaningful threat of litigation regardless of the existence of any explicit written threat of a lawsuit. DUFEK is legally prohibited from and had no intention of rendering such services in the District of Columbia as it is the unauthorized practice of law and a deceptive trade practice for it to do so in this jurisdiction.

The District Court in *Lesher* explained though "it is customary and ordinary for attorneys to send out letters noting the existence of debt and asking for payment made by the attorney debt collector: The unavoidable corollary to this is that it is customary and ordinary for the recipient of a law firm's letter to feel that a law suit could be the next step." *Lesher*, 724 F.Supp.2d at 508. If the *Lesher* letter contained a threat, a jury could reasonably find that the letter here which goes further by including a signature and title as "Attorney David Sean Dufek" contains a threat. See also *LeBlanc*, 601 F.3d at 1193 (question of fact as whether debt collector's dunning letter purported to be from its "Legal Department" was a threat to take legal action precluding judgment as a matter of law). Further, the disclaimer

that includes the language "at this time" no attorney has reviewed your account and falsely implies that at the end of the 30-day period an attorney from DUFEK may review the circumstances of your account and pursue a lawsuit against you. DUFEK or Mr. Dufek had no intention or authority to bring a lawsuit or provide meaningful legal services as an attorney in relation to District of Columbia consumers even though the letterhead, signature, title, deadline and legal references imply that DUFEK and Mr. Dufek did have such authority.

As an unrepresented least sophisticated consumer could reasonably believed that DUFEK would initiate a lawsuit against him/her at the end of the thirty day period and Mr. Dufek was providing meaningful legal services to CACH and such a belief is not bizarre or idiosyncratic a trier of fact could find that the collection letter contained an implicit threat of action by DUFEK and Mr. Dufek the District Court erred in granting Defendant's motion for judgment on the pleading

3. **Attorney Collection Letters Infer a Nonexistent Level of Escalation or False sense of Heightened Urgency and Intimidation thereby unfairly and Unconscionably inducing the Least Sophisticated Consumer to Act Quickly Despite any Defenses that may be Available to Him/Her.**

As the Defendants made no argument as to Plaintiffs' Section 1692f claim it is likely conceded but is provided here for purposes of completeness. The District Court dismissed this claim summarily concluding that "[t]he collection letter clearly and unambiguously states that Dufek is acting as a debt collector, not as an

attorney. Furthermore, the only time period referenced in the letter is 30 days from the date of receipt of the letter, and that disclosure is expressly mandated by 15 U.S.C. § 1692g(a)." [A119, ¶2]. Section 1692f of the FDCPA provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect a debt." Mr. Dufek used his title as an attorney in another jurisdiction to unfairly and unconscionably influence vulnerable unrepresented least sophisticated consumers in this jurisdiction by creating a false sense of urgency and nonexistent level of escalation.

It is a matter beyond dispute that a letter from an attorney represents that an issue has reached a more serious level due to an attorney's direct and unfettered access to the courts and the unquestionable ability of an attorney to initiate a lawsuit and obtain a judgment. See *Avila v. Rubin*, 84 F.3d 222, 229 (7th Cir. 1996) ("An unsophisticated consumer, getting a letter from an 'attorney,' knows the price of poker has just gone up."). If such representation of elevation is false then it violates the Fair Debt Collection Practices Act. Plaintiffs allege in this case that the implied level of escalation is false because despite the multiple representations of law firm and attorney involvement the alleged accounts had not been escalated to such involvement as the DUFEK was not hired for legal services but solely for debt collection or for the use of its letterhead, signature and title.

To conclude that receiving a letter from an attorney debt collector is no different than receiving a letter from a lay debt collector to the unrepresented least sophisticated consumer is to ignore the real world reality of why the Defendant chose to use an attorney debt collector's letterhead, signature and title instead of sending the letters under its own letterhead or the letterhead of another lay debt collector which likely would have cost less. The unrepresented least sophisticated consumer reacts with far more duress when contacted by an attorney, such that, in *Brown v. Card Service Center,* the Third Circuit held that it would be deceptive under the FDCPA for a collection agency to merely mention in a letter, that an account would be forwarded to an attorney, if it had rarely or never done so before. 464 F.3d 450, 455 (3d Cir. 2006). The Third Circuit concluded that it would be deceptive under the FDCPA, "to assert that [debt collector] could take any action that it had no intention of taking and has never or very rarely taken before." *Id.* See also *Gonzales,* 577 F.3d at 604 ("A letter from a lawyer implies that the lawyer has become involved in the debt collection process, and the fear of a lawsuit is likely to intimidate most consumers.") (emphasis added).

Here, neither the DUFEK nor Mr. Dufek was involved Plaintiffs account in any meaningful way as an attorney or in initiating any litigation against Plaintiff therefore the letter stating and implying that DUFEK as a law firm had been "retained" in the legal sense and Mr. Dufek as an attorney in a meaningful sense

falsely implies that the alleged accounts had been escalated despite the fact that

DUFEK and Mr. Dufek were hired merely as a debt collector or merely for its

letterhead, signature and title.  Further, the overriding of the obscured disclaimer

by the inclusion of Mr. Dufek's signature and title falsely implies that the alleged

account has been elevated despite the disclaimer and will be elevated after "at this

time." The District Court in failing to construe all inferences in Plaintiffs favor did

not address the implications or impressions of the collection letter as a whole.

### 4. DUFEK and Mr. Dufek Engaged in the Unauthorized Practice of Law By Holding Himself Out as an "Attorney at Law" and as "Attorney David Sean Dufek" and "Law Office of David Sean Dufek" in the Collection Letters sent to District of Columbia Consumers and Failing to Disclose its Jurisdictional Limitations

The District Court ruled that "there was no misrepresentation in the letter

regarding the Dufek's status as a law firm comprised of lawyers because Dufek is,

in fact, a law firm" citing *Nichols*, 760 F.Supp.2d at 278 and *Sturdevant v. Thomas*

*E. Jolas, PC*, 942 F.Supp. 426, 430 (W.D. Wis. 1996)("plaintiff contends that

because the individual defendant Thomas E. Jolas is not an attorney licensed to

practice in the state of Wisconsin, defendants could not legally bring an action to

collect this debt in Wisconsin.  This argument is frivolous")" (A117, ¶2 and A118

¶1).  However, contrary to *Sturdevant*, in the District of Columbia such argument

is not frivolous and is considered a prima facie deceptive trade practice under the

DCCPPA.  *Banks v. D.C. Dep't of Consumer & Regulatory Affairs*, 634 A.2d 433,

437 (D.C. 1993). Additionally, the District Court did not address Plaintiffs allegation as to the misrepresentation relating to the source of the collection letter. The lower court improperly construed all inferences in Defendant's favor as to the entity that sent the letter by summarily concluding that "there was no misrepresentation in the letter regarding the Dufek's status as a law firm comprised of lawyers because Dufek is, in fact, a law firm." [A117, ¶2 ]. There are no facts in the record establishing as a matter of law that DUFEK sent the collection letters at issue.

Further, it is the unauthorized practice of law to hold oneself out in any manner "*as authorized or competent to practice law in the District of Columbia unless enrolled as an active member of the District of Columbia Bar.*" D.C. App. R. 49(a). Mr. Dufek holding himself out and the DUFEK holding itself out as "Attorney David Sean Dufek" and "Attorney at law" when Mr. Dufek is not licensed in the District of Columbia is the unauthorized practice of law and a deceptive trade practice under the DCCPPA and would constitute a violation under § 1692e and § 1692f under the FDCPA. Further, though Plaintiffs were not given the opportunity to amend their complaint to add a claim under 15 U.S.C. § 1692e(9) which prohibits written communications which …create a false impression as to its source, authorization or approval, Defendants also violated that

section by creating the false impression in its collection letter that Mr. Dufek is a member of the District of Columbia bar and is subject to its discipline rules.

As the letter, by prominently displaying the title at the top of the letter and directly beneath Mr. Dufek's signature and fails to include jurisdictional limitations, implies that David Sean Dufek is licensed and practices law in the District of Columbia and therefore violates § 1692e and § 1692f.

**5. Whether Defendants unlawfully Designed, Compiled or Furnished a Form Collection Letter Creating the False Belief in District of Columbia Consumers that "Attorney David Sean Dufek" was Involved with their Alleged Account or that the Status of the Alleged Account had Escalated Involve Missing Material Facts Not in the Record**

Again, though the Defendants made no argument as to Ms. Jones' Section 1692j claim made in the complaint and the District Court also did not address such claim in its Order the claim is likely conceded but is provided here for purposes of completeness. Section 1692j of the FDCPA states the following:

> (a) It is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating

Ms. Jones alleged that the mass produced form collection letter containing a facsimile of Mr. Dufek's signature was not in fact sent out by DUFEK. The letters were designed to inspire false urgency, and the misrepresentation as to its source reinforced that unnecessary panic.  In light of the fact that when the unrepresented

consumer sees a letter from an attorney it immediately realizes the "the price of poker has just gone up," [3] the Defendants created the collection letters knowing that the letters would induce a higher and quicker return payment rate based on its express falsehoods and false implications. As no argument was made in connection with Plaintiff's allegation this argument should have been considered conceded.

## II.    DISTRICT OF COLUMBIA DEBT COLLECTION LAW (D.C. Code § 28-3814 *et seq.*)

### 1.    Defendant's Attempted to Collect a "Claim" within the Meaning of the District of Columbia Debt Collection Law.

Unconvinced by the Defendants arguments that it is not a debt collector and did not seek to collect a claim, the District Court relied on the same rational to dismiss Plaintiffs District of Columbia Debt Collection Law claims and it relies on to dismiss Ms. Jones' FDCPA even though the DCDCL claims differ and such rationale is inapplicable.  Plaintiff alleged claims under §§ 28-3814(f) of the DCDCL which prohibits "use of any fraudulent, deceptive, or misleading representation or means to collect or attempt to collect claims or to obtain information concerning consumers in any of the following ways:"...(5) any false representation or implication of the character, extent, or amount of a claim against a consumer, or of its status in any legal proceeding;.....(8) any representation that an existing obligation of the consumer may be increased by the addition of

---

[3] *Avila*, 84 F.3d at 229

attorney's fees, investigation fees, service fees, or any other fees or charges when in fact such fees or charges may not legally be added to the existing obligation; and…..(9) any false representation or false impression about the status or true nature of or the services rendered by the debt collector or his business.

Defendant argued only that it is not a debt collector and did not attempt to collect a "claim" within the meaning of the DCDCL. However, Defendant identifies itself as a "Creditor" and a "debt collector" in its collection letter. [A6]. Further, Defendant admits that it hired DUFEK to collect the alleged debt on its behalf and that the alleged debt "was a credit card obligation." [A42,¶1, A52,¶2]. A "claim" is any obligation or alleged obligation arising from a sale of consumer credit or "consumer credit sale." D.C. Code §28-3814(b)(1). D.C. Code §28-3802 defines a "consumer credit sale" as a "sale of goods or services in which—(A) a credit is granted by a person who regularly engages as a seller in credit transactions of the same kind; (B) the buyer is a natural person; (C) the goods or services are purchased primarily for a personal, family, household, or agricultural purpose; (D) either the debt is payable in installments or a finance charge is made; and (E) the amount financed does not exceed $25,000." (emphasis added). A "consumer credit sale" is the sale of consumer credit. *DeBerry v. First Government Mortg. and Investors Corp.,* 743 A.2d 699, 702-703 (D.C. 1999)

Because the alleged debt is an admitted alleged "credit card obligation," that is a sale of credit by Bank of America, N.A., to consumers Defendant attempted collect a claim within the DCDCL.

## III.   DISTRICT OF COLUMBIA CONSUMER PROTECTION AND PROCEDURES ACT (D.C. Code § 28-3901 *et seq.*)

### 1.     The District of Columbia Consumer Protection and Procedures Act Applies to Debt Collectors

"Consumer protection affects everyone. It is particularly vital to the future of our cities, because the chief victims of cheating of consumers are the disadvantaged in our inner cities." [4]  The District of Columbia Consumer Protection and Procedures Act (hereinafter "the Act') is a remedial statute enacted to "assure that a just mechanism exists to remedy *all* improper trade practices and deter the continuing use of such practices [and to] promote, through effective enforcement, fair business practices throughout the community. D.C. Code §28-3901(b)(1) and (b)(2).  As a remedial statute, the Act is to be construed and applied liberally to promote its broad purpose of remedying all improper trade practices in the District of Columbia. D.C. Code §28-3901(c).

---

[4] THE ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, REPORTS OF COMMITTEES OF THE ASSOCIATION OF THE BAR CONCERNED WITH FEDERAL LEGISLATION, THE COMMITTEE ON LEGAL ASSISTANCE, CONSUMER PROTECTION 45 (1969).

### i.     *Statutory Interpretation*

The D.C. Court of Appeals has repeatedly concluded that the CPPA "was designed to police trade practices arising only out of consumer-merchant relationships." *Snowder v. District of Columbia*, 949 A.2d 590, 599 (D.C.2008) (quoting *Howard v. Riggs Nat'l Bank*, 432 A.2d 701, 709 (D.C.1981); *DeBerry*, 743 A.2d at 701. A statute should not be interpreted to negate its own stated purpose. *New York State Dept. of Social Servs. v. Dublino*, 413 U. S. 405, 419–420 (1973). As the Act is a remedial statute it should be interpreted broadly to effect its purpose.

### 2.     **Debt Collection is a Trade Practice under the District of Columbia Consumer Protection and Procedures Act**

The Supreme Court has confirmed that "violations of the FDCPA [federal statute regulating debt collection] are deemed to be unfair or deceptive acts or practices under the Federal Trade Commission Act (FTC Act), 15 U.S.C. § 41 *et seq.*, and are enforced by the Federal Trade Commission (FTC)." See § 1692*l*, *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, et al*, 130 S.Ct. 1605, 1609 (2010).

### i.     *Debt Collection is a Trade Practice within the Plain Language of the Act.*

In dismissing Plaintiffs DCCPPA claim the District Court relied heavily on *Baylor v. Mitchell Rubenstein & Associates, P.C.*, No. 13 Civ. 1995 (D.D.C. July

8, 2014). The District Court ruled that"[m]oney, of course, is neither a good or service, it is a medium of exchange, and a loan of money is *not* a purchase or lease of goods or services and debt collection is not a trade practice relying on *Baylor v. Mitchell Rubenstein & Associates, P.C.*, No. 13 Civ. 1995, 2014 WL 3057563. at *7 (D.D.C. July 8, 2014). (A120, ¶1).

However, debt collection is a trade practice within the plain language of the Act.  The *Baylor* opinion misapprehended the full definition of a "trade practice" and "consumer goods and services" thereby basing its exemption of the debt collection industry on a significantly narrower definition of trade practice than is contemplated by the DCCPPA's broad proscription. The Supreme Court has ruled in interpreting the FDCPA that the "Court may not, however, read more into [a provision] than the statutory language naturally supports." *Jerman*, 130 S.Ct. at 1624. Here, the lower court read an exemption for the debt collection industry into the DCCPPA when no such exemption is expressly given nor contemplated by the legislative history or the DCCPPA's purpose.  When the Federal Trade Commission attempted to read an exemption into the FDCPA for lawyers who regularly, through litigation, try to collect consumer debts the argument was rejected by the Supreme Court whereby the Court explained:

> [W]e find nothing either in the Act or elsewhere indicating that Congress intended to authorize the FTC to create this exception from the Act's coverage— an exception that, for the reasons we have set forth above, falls

outside the range of reasonable interpretations of the Act's express language. *Heintz*, 514 U.S. at 298.

Additionally, the District Court decided that debt collection is not a trade practice based on an argument raised for the first time in Defendant's Reply but then denied Plaintiffs motion to file a Surreply to address the newly raised argument. The trial court's reliance on the newly raised argument to grant Defendant's motion and its refusal to consider Plaintiffs' rebuttal should be considered reversible error as it is manifestly prejudicial to Plaintiffs. As Plaintiff was prevented from opposing Defendant's untimely "trade practice" argument raised in its Reply Plaintiff presents her argument here.

"In answering questions involving the proper interpretation of D.C. statutes, this [Circuit] relies on the construction of these laws by the D.C. Court of Appeals." *Poole v. Kelly*, 954 F.2d 760, 761 (D.C.Cir. 1992). In determining whether the language of a statute is plain and unambiguous the Court "start[s] with the plain meaning of the text, looking to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Blackman v. District of Columbia*, 456 F.3d 167, 176 (D.C.Cir. 2006). "The plain meaning that [courts] seek to discern is the plain meaning of the whole statute, not of isolated sentences." *Beecham* v. *United States*, 511 U.S. 368, 372 (1994). A "trade practice," is defined as "any act which does or would create, *alter*, repair, furnish, make available, *provide information about*, or, *directly or*

*indirectly*, solicit or offer for or *effectuate, a sale*, lease or *transfer, of consumer goods or services*." Section 28-3901(a)(6) (*emphasis added*). *DeBerry,* 743 A.2d at 700.  D.C.Code § 28-3901(a)(7) defines "goods and services" broadly to mean: any and all parts of the economic output of society, *at any stage or related or necessary point in the economic process*, and *includes consumer credit*, franchises, business opportunities, real estate transactions, and *consumer services of all types*. *Id* at 700-701 (*emphases added*).

 Read together the two definitions are sweeping.  Further, Black's law Dictionary defines "credit line" as "in banking and commerce, that amount of money or merchandise which a banker, merchant, or supplier agrees to supply to a person on credit and generally agreed to in advance.  Black's law Dictionary, Abridged Sixth Edition. Therefore, the loan of money is a "credit sale" as the term is defined in the statute as the "credit card obligation" at issue here is an alleged amount of money that Bank of America agreed to supply on terms agreed to in advance.  Further, the legislative history defines "goods and services" as "the subject matter of any trade practice, *including any action normally considered only incidental to the supply of goods and services to consumers*." See *Committee Report* at 14. (*emphasis added*). In light of all the above and the mandate to construe the DCCPPA broadly to effect its purpose, "'any act ... of providing information about' or 'offering for ... sale' consumer credit would seem to be a

'trade practice,' as is 'any act ... effectuating' a real estate transaction and any 'sale' of consumer services '*of any type*'" *Deberry*, 743 A.2d at 701.

When liberally construing and applying the DCCPPA to effect its purpose of remedying *all* improper trade practices in the District of Columbia, debt collection is a trade practice within the plain text of the act in multiple and independent ways. First, Defendant identifies itself as a debt collector in it collection letter. Therefore, because debt collection is an act which does or would…directly or indirectly…effectuate, a transfer of consumer goods or services it is a 'trade practice" within the meaning of § 28-3901(a)(6). As a purchaser of alleged charged-off consumer debt purportedly transferred to it, Defendant then attempted, at the collection stage of the alleged debt, to collect on the "debt" or to, directly or indirectly, effectuate the transfer of the alleged consumer debt from the "Original Creditor" to the Defendant and as such engaged in a trade practice within the meaning of the Act. Second, debt collection is a practice which does or would ….alter…a transfer of consumer goods or services in that it involves collecting amounts claimed to be due on the purported debt and does or would alter the amount of the alleged debt transferred or the amount alleged to be owed. Third, Defendant is a debt buyer that *provided information about* a transfer of consumer goods or services relating to an alleged debt (or consumer credit) in the dunning letter sent to Plaintiffs. D.C. Code § 28-3901(a)(6).

Moreover, as an alleged assignee or by acquiring the alleged indebtedness of the consumer credit account from Bank of America Defendant stands in the shoes of Bank of America and continued to *make available*, *indirectly*, the line of credit allegedly extended by Bank of America.  Defendant's purchase, and Bank of America's purported sale, of the alleged debt (consumer credit account) is further *indirectly effectuated* by the Defendant's collection letter seeking payment from Plaintiffs. Bank of America's alleged *transfer* of the alleged debt (goods and services/consumer credit account) to Defendant is also *effectuated* by Defendant's collection letter.  Defendants act of seeking to collect on the alleged debt (consumer credit account) and any payments made by Plaintiffs would *alter* a sale or *transfer* of the goods and services by decreasing the amount allegedly owed by Plaintiffs through deduction of each payment amount from the total transferred.

Importantly, there is nothing in the DCCPPA or its legislative history indicating that Congress or the Council intended to exclude debt collection from the broad reach and scope of the act. As such, the District Court's interpretation fall outside the range of reasonable interpretations of the DCCPPA's express language and frustrates its stated purpose to "remedy *all* improper trade practices." The District Court's restrictive reading of the plain language of the DCCPPA is not in keeping with the legislative intent envisioning a broad and expansive reach of the act and as such the ruling should be reversed.

### ii.     Other provisions of the Act using equivalent language confirm that Debt Collection is a Trade Practice

The District Court, relying on the *Baylor*, also ignored the express reference to §28-3814 in the DCCPPA which *polices* only *deceptive trade practices*.  The *Baylor* analysis ignores the context in which the debt collection law is referenced. "In reading a statute we must not look merely to a particular clause, but consider in connection with it the whole statute" (internal quotation marks omitted)). See *Dada v. Mukasey*, 554 U.S. 1, ___, 128 S.Ct. 2307, 2317, 171 L.Ed.2d 178 (2008).  The rules of statutory interpretation dictate that D.C. Code §28-3909 and §28-3814 must be read as working together and cannot be read in a way that nullifies one in favor of the other or renders one of the sections as duplicative or superfluous.  *See United Sav. Ass'n v. Timbers of Inwood Forest Assocs. Ltd.,* 484 U.S. 365, 371 (1988). When engaging in statutory interpretation meaning must be given to each phrase or term. *United States v. Menasche*, 348 U.S. 528, 538-39 (1955) ("[W]hen [courts] engage in statutory interpretation, '[i]t is our duty to give effect, if possible, to every clause and word of a clause.'").

The DCDCL, §28-3814, is expressly referenced in the DCCPPA as a "prohibited act" (title "Restraining Prohibited Acts") and an "unlawful act or practice." *See* D.C. Code § 28-3909.  Therefore, it follows that because Section 28-3909 of the Act *policing improper trade practices* specifically authorizes the District to bring lawsuits for violations of the debt collection law by citing the

DCCPPA as its authority to do so and because the DCCPPA only provides the District with jurisdiction over unlawful trade practices in the District of Columbia, debt collection is conclusively established as a trade practice under the Act. There is no other purpose for listing the debt collection law, §28- 3814, in D.C. Code § 28–3909(a) but to recognize it as a trade practice susceptible to the DCCPPA. Yet, the *Baylor* interpretation would render the §28-3814 reference superfluous.

Section 28-3909 of the DCCPPA authorizes the Corporate Counsel to bring lawsuits relating to debt collection pursuant to §28-3814 by citing the DCCPPA as its authority to do so.  This affirms that debt collection is a trade practice as the Department of Consumer and Regulatory Affairs ("DCRA") as the agency responsible for enforcing the act would not have jurisdiction to do so otherwise. *See* D.C. Code § 28-3905(d)(2).  The DCRA also enforces unscrupulous debt collection practices under the DCCPPA.  In other words, the DCCPPA cannot provide authority for the DCRA to bring a lawsuit for conduct that is not a "trade practice" as the DCRA is without jurisdiction.  See *Committee Report* at p.20.

Lastly and importantly, violations of other "law[s] of the District of Columbia" violate the DCCPPA.  See § 28-3905(k)(1); *Osbourne v. Capital City Mortg. Corp.*, 727 A.2d 322, 325-26 (D.C.1999). Thus, as attorney debt collectors are not exempt from the FDCPA, if Defendant is liable under the FDCPA it has violated a law of the District and is therefore liable under the DCCPPA.  See D.C.

Code § 28-3905(k)(1); *Heintz*, 514 U.S. at 299 (attorney debt collectors not exempt

from the Fair Debt Collections Practices Act).  Under Plaintiffs interpretation of

the DCCPPA, the act functions as a "symmetrical and coherent regulatory

scheme," *FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133

(2000)(citation omitted), with no need to rewrite, explain away, or ignore any of its

provisions.  Under the suggested interpretation of the Defendants it does not.

### iii.    *Section 1-350.10 of the D.C. Code confirms that Debt Collection is a Trade Practice subject to the Act.*

This Circuit has said that evidence of other statutes is appropriate in

determining the meaning of a provision. See, e.g., *Kennecott Utah Copper Corp. v.*

*U.S. Dept. of Interior*, 88 F.3d 1191, 1231 (D.C. Cir. 1996). Therefore, how the

District interprets the Act is relevant to the interpretation by this Court.  D.C. Code

§ 1-350-10 confirms that the District considers debt collection subject to the

DCCPPA as a law that "govern[s] the collection of delinquent debt."

> The Central Collection Unit and any outside parties it engages to collect
> delinquent debt shall fully comply with the Fair Debt Collection Practices
> Act, approved September 20, 1977 (91 Stat. 874; 15 U.S.C. § 1692 et seq.),
> <u>Chapter 39 of Title 28 [§ 28-3901 et seq.], and all other federal and District</u>
> <u>laws and rules that govern collection of delinquent debt.</u> (*emphasis added*)

Thus, according to the District, a debt collector must comply with both the debt

collection law and the DCCPPA or be subject to liability under both separately and

independently which is why both statutes along with the Fair Debt Collection

Practices Act are listed in § 1-350-10. As such, Section 1-350-10 confirms that debt collection and debt collectors are subject to the DCCPPA.

> ### iv.     *DUFEK and Mr. Dufek's Unauthorized Practice of Law is a Deceptive Trade Practice under the Act.*

As argued above, in the District of Columbia the unauthorized practice of law is a deceptive trade practice in violation of the DCCPPA. *Banks*, 634 A.2d 437 ("We agree with DCRA that the performance of legal services is an act that "make[s] available,"or "provide[s] information about," a "service[]"that is "part[] of the economic output of society." The performance of legal services, therefore, is a 'trade practice' under the Act."). First, if the DC Court of Appeals has ruled that performance of legal services is a trade practice as it "'makes available' or 'provides information' about a 'service' that is 'part of the economic output of society,'" it is therefore inconsistent that debt collection would not fall under the same definition. Second, the District of Columbia has affirmatively ruled that the unauthorized practice of law is a deceptive trade practice. *Id.* Defendants' using of Mr. Dufek's title as attorney and DUFEK as "Attorney at Law" when Mr. Dufek is not licensed to practice in the District of Columbia is the unauthorized practice of law and violates the DCCPPA as a matter of law.

### 3.     Plaintiff is a consumer under the Act

The District Court dismissed Plaintiff's claims under the Act for the additional reason that "the [Act] does not apply to plaintiff because plaintiff is not a 'consumer' within the meaning of D.C. law." The District Court went on to conclude that "[p]laintiff does not allege that she purchased or leased any goods or services from defendant, only that there was a loan from CACH's predecessor-in-interest." [A119, ¶3]. The District Court erred in concluding that a "loan of money" is not a purchase of lease of goods or services under the Act. "Consumer" is defined in the DCCPPA to "mean[ ] a person who does or would purchase, lease (from), or receive consumer goods or services including a co-obligor or surety, or a person who does or would provide the economic demand for a trade practice; as an adjective, 'consumer' describes *anything*, without exception, which is primarily for personal, household, or family use[.]", D.C.Code § 28-3901(a)(2)(emphasis added). "Goods and services" under the statute are defined as "any and all parts of the economic output of society, *at any stage* or related or necessary point in the economic process, and includes *consumer credit*, franchises, business opportunities, real estate transactions, *and consumer services of all types*." D.C.Code § 28-3901(a)(7) (emphasis added). *Modern Management Company v. Wilson*, 997 A.2d 37, 62-63 (D.C. 2010). A sale of consumer credit constitutes consumer services under the DCCPPA. *DeBerry.*, 743 A.2d at 702 (the Act

applies to mortgage finance transactions). *Deberry* confirms that the DCCPPA
applies to mortgage finance transactions as purchases of "consumer credit [a "trade
practice"] within the meaning of the Act." A mortgage finance transaction is the
lending of money similar to a credit card obligation and is considered "goods or
services" under the Act.  As the District Court concludes that there was an alleged
loan of money it erred in ruling that such loan does not fall under the definition of
goods and services as the DC Court of Appeals has ruled it does.  *Id.*

As an alleged obligor of the alleged debt Plaintiff is a consumer under the
DCCPPA.  Plaintiffs are also consumers under the act because if Defendants' did
not contend that Plaintiffs owed the alleged debts at issue there would be no
economic demand for Defendants' services of debt collection.  Additionally, the
inclusion of "co-obligor" or "surety" and the catchall language of "providing the
economic demand for a trade practice" under the DCCPPA's broad definition of
"goods and services" confirms that the breath and scope of the intended liberal
application/construction of the definition and clearly encompasses extensions of
credit of the type at issue here.  Lastly, Defendant's alleged cardmember
agreement provides "[y]ou may use your account for personal, family, or
household purposes. You may not use your account for business or commercial
purposes" thereby fitting within the DCCPA's definition of "consumer."

In narrowly construing the Act in spite of its broad purpose of ridding the District of all improper trade practices the court erred in finding that Plaintiff is not a consumer as a matter of law when construing all inferences in her favor.

## IV.    Court Erred in Failing to Rule on Plaintiff's Motion for Attorney Fees

The district court erred by failing to rule on Plaintiffs' Motion for Attorney Fees before dismissing the action.  In failing to consider Plaintiffs' attorney fee motion on the merits, the District Court abused its discretion therefore making the Circuit's review de novo.  *Hubbard v. EPA*, 949 F.2d 453 (D.C. Cir. 1991) *Garrett v. City and County of San Francisco*, 818 F.2d 1515, 1518 (9th Cir.1987)

Rule 26(c)(3) allow for an award of expenses if a protective order is denied. See Fed.R.Civ.P. 26(c)(3) & Fed.R.Civ.P. 37(a)(5) (providing that expenses may be awarded if a motion for protective order is denied). Fed.R.Civ.P. 37(a)(5)(B) provides that, upon denying a motion for a protective order, the Court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party ….who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." See also *Beck v. Test Masters Educ. Servs., Inc*, 289 F.R.D. 374, 381 (D.D.C. 2004)(upholding award of plaintiffs expenses).

Defendants moved for a protective order and were denied. Plaintiff then filed a motion for attorney fees that was never ruled on by the District Court.

**V.     The Court Erred in Denying the Motion for Class Certification as Moot**

Generally, the district court's refusal to permit further discovery is reviewed for an abuse of discretion. *Garret*, 818 F.2d at 1518. However, by denying as moot the bulk of appellants' motion without considering its merits, the district court failed to exercise its discretion, so we review de novo. *Id.* at 1518-19.

As the District Court abused its discretion by failing to consider all relevant law and statutes in connection to Plaintiff's claims in addition to relevant factors associated therewith and misapplied relevant legal standards at the Defendant's urging it erred in ruling that Plaintiff's Motion for class certification is moot.

## CONCLUSION

Plaintiff respectfully requests this Court to reverse the January 6, 2015 order of the District Court, and deny Defendants' motion for judgment on the pleadings, based upon her claims that Defendant's debt collection practices violated Sections 1692e(2)(3)(5)(10), 1692f, 1692j, the District of Columbia Consumer Procedures and Protections Act and the District of Columbia Debt Collection law.  In addition to granting Plaintiff's motion for certification of class and Plaintiff's motion for attorney fees.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Federal Rule of Appellate Procedure 34(a)(1), undersigned counsel respectfully requests oral argument in this appeal.

December 26, 2015

CONSUMER JUSTICE ESQ
/s/ Radi Dennis
P.O. Box 57417
Washington, DC 20037
Main: (202) 579-1243
*Counsel for Appellant*

## CERTIFICATE OF COMPLIANCE
## WITH TYPE VOLUME LIMITATIONS

1. This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

[ ] this brief contains [] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

[X ] this brief uses a monospaced typeface and contains [*1288*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

[ ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2007*] in [*14pt Times New Roman*]; *or*

[ ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

Dated: December 26, 2015

CONSUMER JUSTICE ESQ
/s/ Radi Dennis
*Counsel for Appellant*


## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of December 2015, I caused this Amended Opening Brief of Appellant to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF user:

Mikhael D. Charnoff
PERRY CHARNOFF PLLC

2300 Wilson Blvd, Suite 240
Arlington, VA 22201
*Counsel for Appellee*

The undersigned will cause this Amended Opening Brief of Appellant to be mailed electronically and via first class mail, postage prepaid, to Mr. Dufek at the address identified below as he is not a registered CM/ECF user.

David Sean Dufek
Law Office of David Sean Dufek
4295 Gesner Street #3-C2
San Diego, CA 92117
*Pro Se*


/s/ Radi Dennis
*Counsel for Appellant*